IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  24-cr-0174-SAG |
| | * | |
| ROBERT JUSTIN KROP | * | |
| | * | |
| | ****** | |

**DEFENDANT'S MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant in the above entitled and numbered cause, and files his Motion in Limine prior to the commencement of trial pursuant to the Federal Rules of Evidence and this Court's Order (ECF 29), and requests a hearing hereon prior to the voir dire examination of the jury.  Defendant further reserves the right to file additional motion(s) in limine or raise additional defenses or objections to evidence.

### I. Alleged Prior Bad Acts or Extraneous Unadjudicated Offenses of the Defendant and Defense Witnesses Must Be Excluded Under Rule 404

Defendant respectfully requests that the Court order the Assistant United States Attorneys in this matter not to mention, refer to, or attempt to elicit in any manner, any evidence of prior convictions of the Defendant or defense witnesses, or any prior alleged bad acts, in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the following:

1. Whether the conviction or bad act involves either a felony or a misdemeanor involving moral turpitude or administrative;

2. Whether the Defendant or witness is the same person so previously convicted or otherwise noticed and/or fined for the administrative violation;

1

3. Whether the prior conviction or bad act is a "final conviction" or act, and no direct appeal therefrom is pending in the State or Federal Appellate Court;

4. Whether the prior conviction or act resulted in the probation of a sentence which was previously discharged, or if a fine was made and discharged;

5. Whether the prior conviction or act was obtained at a time when the Defendant without counsel and in the absence of an effective waiver of counsel;

6. Whether the United States has complied fully with Defendant's discovery request(s) or its duties under *Brady* and *Jencks*;

7. Whether the prejudicial effect of impeachment substantially outweighs probative relevance of the prior conviction or bad act to the issue of the witness' credibility, including:

    a. the impeachment value of the prior crime or bad act;

    b. the temporal proximity of the past crime or bad act;

    c. the similarity of the past crime or bad act and the offense being prosecuted;

    d. the importance of the witnesses' testimony; and

    e. the importance of the credibility issue.

8. Whether the alleged extraneous offense has relevance apart from character (Rules 402-404).

9. Whether Defendant is the same person as is the perpetrator of the alleged extraneous offense.

10. Whether the alleged extraneous offense is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident in the instant charged offenses.

This request is inclusive of, but not limited to, the following materials disclosed by the government:

1. "TMGN industry operations paperwork" including

    a. 8 52 13572 Inspection summary FAI 6484 (Bates 001860)

    b. 8 52 13572 Inspection summary – FCI 16263 (Bates 001869)

    c. 8 52 13572 Licensee Response to Violations Report FCI 16263 (Bates 001970)

    d. 8 52 13572 Report of Violations – FCI 1626 (Bates 001875)

    e. 8 52 13572 Warning Letter – FCI 16263 (Bates 001877)

    f.    8 52 13572 Warning Letter Proof of Delivery – FCI 1626 (Bates 001878)

    g.    8 52 14431 Inspection Summary FAI 32713 (Bates 001879-001881).

    h.    Firearms Application Inspection – FAI-6484 (Bates 001890)

    i.    Firearms Compliance Inspection – FCI 16263 (Bates 001894)

**WHEREFORE, THE MATTER CONSIDERED**, it is respectfully requested that the Court order the Assistant United States' Attorneys not to mention or allude to Defendant's or defense witnesses' prior convictions, bad acts or any alleged violations of the law in any manner in the presence of the jury until a hearing has been held outside the presence of the jury and before the court to determine the relevant factors regarding prior convictions as set forth above.

## II.  Statements of the Defendant

Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or attempt to elicit in any manner, any statements of Defendant in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the following:

1. Whether the statement is inadmissible.

2. Whether the statement is inadmissible under FRE 502 or other rule.

3. Whether the statement is inadmissible as taken in derogation of the right to counsel pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966); *Edwards v. Arizona*, 451 U.S. 477, 101 S. Ct. 1880, 68 L.Ed.2d 378 (1981); and *Minnick v. Mississippi*, 111 S. Ct. 486 (1990).

4. Whether Defendant was aware he was under personal criminal investigation at the time of the making of the statement.

5. Whether the statement was extracted from Defendant by promises, fraud, or threats.

6. Whether the prejudice resulting from the admission of the statement substantially outweighs the probative value thereof under Rule 403.

This request is inclusive of, but not limited to, the following materials disclosed by the government:

Disclosure #1:
    a. Defendant's Interview
    b. "Undercover" ATF audio (2 nearly blank recordings)

**WHEREFORE, THE MATTER CONSIDERED**, it is respectfully requested that the Court order the Assistant United States' Attorneys not to mention, refer to or attempt to elicit in any manner, any statements of Defendant in the presence of the jury until a hearing has been held outside the presence of the jury and before the court to determine the relevant factors regarding any statements of Defendant as set forth above.

### III. Identification of the Accused

Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or attempt to elicit in any manner, any evidence of identification of defendant, whether in court or out of court, in the presence of the jury until a hearing has been held outside the presence of the jury to determine the following:

1. Whether the witness offering such testimony has personal knowledge of such facts.

2. Whether the circumstances surrounding such identification provide sufficient indicia of reliability.

3. Whether Defendant was afforded counsel under U.S. Const. Amends. VI and XIV.

4. Whether Defendant intelligently, knowingly and voluntarily waived counsel at such identification.

5. Whether such identification procedure violates Defendant's right of confrontation of witnesses under U.S. Const. Amends. VI and XIV.

6. Whether such identification procedure was unnecessarily suggestive.

**WHEREFORE, THE MATTER CONSIDERED**, Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or elicit in any manner, any evidence of identification of Defendant in the presence of the jury until a hearing has been held outside the presence of the jury to determine the relevant factors concerning identification of Defendant as set forth above.

### IV.  Post-Arrest Silence of the Accused

Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or attempt to elicit in any manner, any evidence of post-arrest silence by Defendant or defense witnesses, in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the admissibility thereof.  Defendant would show that his post-arrest silence may not be used against him in his trial.  See, *Doyle v. Ohio*, 426 U.S. 610 (1976).

**WHEREFORE, THE MATTER CONSIDERED**, it is respectfully requested that the Court order the Assistant United States' Attorneys not to mention, refer to or attempt to elicit in any manner, any evidence of post-arrest silence by Defendant or defense witnesses, in the presence of the jury until a hearing has been held outside the presence of the jury and before the court to determine the admissibility of same.

### V.  Conversations of the Accused with his Attorney

Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or attempt to elicit in any manner, any evidence of Defendant's conversations with counsel, in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the

6

admissibility thereof. Inquiring as to Defendant's conversations with his attorney violates the attorney-client privilege, FRE 502.

**WHEREFORE, THE MATTER CONSIDERED**, it is respectfully requested that the Court order the Assistant United States' Attorneys not to mention, refer to or attempt to elicit in any manner, any evidence of Defendant's conversations with his attorneys in the presence of the jury until a hearing has been held outside the presence of the jury and before the court to determine the admissibility of same.

## VI.  Expert Witnesses and Scientific Evidence

Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, any expert testimony or scientific evidence in the trial of this cause in the presence of the jury until a hearing has been held outside the presence of the jury to determine the admissibility thereof.

Expert testimony and scientific evidence is governed by Fed. R. Evid. Rules 702-706 and Rule 16(a)(1)(G) of the Fed. R. Crim. Proc.

The government has proposed it may call two witnesses it wishes to qualify as experts, and reserves a right to call additional ones both in its case in chief and on rebuttal.

The two identified witnesses the government wishes to qualify as experts are:

1. Austin Funk, a Bureau of Alcohol, Tobacco, Firearms & Explosives (BATF) "specialist" to testify on "the importation process of machineguns into the United States through the ATF"; and,

2. William Swift, a BATF "specialist," to testify on the "transfer process of machineguns by government agencies and licensed dealers and the capabilities and uses of machineguns."

## DEFENDANT MOVES TO EXCLUDE EXPERT TESTIMONY FROM AUSTIN FUNK AND WILLIAM SWIFT

Late last Friday night at 8:20pm, which was not able to be reviewed until the next business day which was this morning the due date of this motion in limine, the undersigned received a so-called "expert disclosure" for Austin Funk from Christine Goo, Assist. U.S. Attorney. Defendant therefore reserves the right to file additional memoranda in opposition to the United States' expert witnesses.

### BACKGROUND

**Specialist Austin Funk**

The two-and-a-half pages of single-spaced expert disclosure for Mr. Funk provided to the undersigned by Assist. U.S. Attorney Goo less than 24-business hours ago is inadequate, inflammatory, cites no record evidence, misleading and was not even prepared by him, but was "reviewed and digitally signed" by him just recently on August 16, 2024 at 5:11pm.

Additionally – and quite disturbing – his "curriculum vitae" is falsely attested to be "Attachment A" yet there is no attachment whatsoever. He provides absolutely no identification or information about his expertise, his background, education, training, or credentials. For instance, has he graduated from any schools? What training and certifications has he received? Even if he were to be a trained attorney, which he does not

8

assert in his disclosure, he is not qualified to testify as to any matter of importation in this case as he has no personal knowledge and cannot be held to have more expertise on federal law than this Court, nor any persuasive ability to explain the law to the jury. He will only inflame and prejudice the same. He discloses no methodology for his review, no application and no conclusion.

He provides absolutely no foundation for any of his proposed "expert testimony" on importations of firearms and gives absolutely no support for his statements, nor any findings.

Furthermore, he gives no opinion on the matter, nor any inference of an opinion, leaving the confusion of why he is testifying completely prejudicial to Defendant to spoliate the jury with a false belief that somehow Mr. Krop has violated some regulation or law. Additionally, he has no personal knowledge of this case. He was not an officer on the investigation or indictment. He has no personal knowledge of this matter whatsoever. His self-serving statements on the law and regulations which he does provide are mere recitations of the prosecution's arguments and not evidentiary whatsoever. Indeed, nothing in his statement is evidentiary.

Finally, his testimony disclosure indicates he will testify as to information that is now contained in a January 11, 2023 updated "law letter" regulation which is highly prejudicial to Mr. Krop. This new ATF law letter dated January 11, 2023 is not binding *ex post facto* upon Mr. Krop or this Court for the charges from August 2015 to April 2018.

**Specialist William Swift**

Even later, on Saturday evening last at 9:26pm, Assist. U.S. Attorney Goo e-mailed a "Expert Disclosure" of William Swift. Like Funk, Swift is just as inadequate and inappropriate as a hybrid expert-fact witness.

Like Funk, Swift has attested via some kind of electronic signature without attestation that he prepared his disclosure. There is no opinion as to any fact in this case whatsoever.

Like Funk, Swift has attested he attached his "curriculum vitae" but did not do so. There is no possible way for Mr. Krop to know or understand his education, training, experience and background. But even if there were, his statements on the law covering a little over two single-spaced pages are specious and self-serving to the prosecution and in no way helpful to the jury.

He fails also to provide any opinion except to expose his inexperience and lack of knowledge of law enforcement SWAT teams claiming: "specialist Swift…has observed the FN P90…type of machinegun…used by law enforcement…but….he has not observed a state or local law enforcement agency using [on]." He states the same thing about the "belt-fed" machinegun "primarily used by the military" but that he has insufficient world experience in that he has "not observed a state or local law enforcement agency using [one]."

Such opinions are inflammatory and false, more less baseless and without any foundation. For instance, he provides no explanation as to his credentials or experience with "State and local law enforcement" nor does he opine about the expert or lay basis for his outrageous inflammatory testimony that "belt-fed machine guns can be found mounted on vehicles for deployment" as he has not produced any proof of service in any

10

"deployment" nor has he identified what he means by "deployment," instead, leaving the jury to falsely believe the opposite of his own testimony – that "belt-fed" machineguns are *never* used by law enforcement.

## LEGAL STANDARD

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by "knowledge, skill, experience, training, or education" can provide testimony if the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue[.]". If the witness is "relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Rothe Development, Inc.* v. *Department of Defense*, *et al*., 107 F.Supp3d 183, 196 (D.D.C. 2015)(quoting Fed. R. Evid. 702 advisory committee's note (2000)).  See, *United States v. Garcia*, 752 F.3d 382 (4th Cir. 2014)("A court abuses its discretion if its decision is 'guided by erroneous legal principles' or 'rests upon a clearly erroneous factual finding.' " Citing *United States v. McLean*, 715 F.3d 129, 142 (4th Cir. 2013) (quoting *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010)).

## ARGUMENT

**1. Mr. Funk and Mr. Swift Are Not Qualified to Offer Hybrid Fact/Expert Opinions on Mr. Krop or Import Law.**

"We have recognized that individuals who testify as expert and fact witnesses can cause jury confusion, and such a manner of proceeding is only "acceptable where 'the district court took adequate steps ... to make certain that [the witness's] dual role did not

11

prejudice or confuse the jury.'..." *United States v. Garcia*, 752 F.3d 382 (4th Cir. 2014). Here, these "fact" and "expert" witnesses are unable to testify in *either* role without prejudicing the jury, as they have no personal knowledge, nor any expertise that is in any way material. Instead, the prosecution seeks to connect his unfounded speculations on import law *to this case* by inference, and to this Defendant, without so much as a scintilla of proof or qualification. The Fourth Circuit has long held that "cloaking this [unfounded] connection in the guise of expert testimony goes beyond what is contemplated under Federal Rule of Evidence 702, which requires an expert to "reliably appl[y] the principles and methods" for which she was qualified as an expert. The Rule contemplates that an expert's opinion testimony will be "helpful to the jury," not merely helpful to the prosecutor as transmutations of simple fact testimony. *United States v. Garcia*, 752 F.3d 382 (4th Cir. 2014)(internal citations omitted).

2. **Mr. Funk's and Mr. Swift's Opinions Are Not Reliable Because They Presented No Methodology or Conclusions for Any Opinions and Have No Personal Knowledge of This Matter.**

Mr. Krop made no firearms importations and is not charged with importing firearms illegally. Furthermore, it is axiomatic and uncontested that Class III FFL/SOTs such as Mr. Krop may import, build, manufacture, sell, rent, transfer and otherwise possess machineguns. Mr. Swift wishes instead to testify to "belt-fed" machine guns to obscure the facts and confuse the jury, greatly prejudicing them against Mr. Krop without any lawful, expert or factual basis. Mr. Funk wants to testify about importation of firearms which he is wholly unqualified to testify to, solely in order to benefit the prosecution's attempt to confuse the jury on this crucial point. Neither witness offers any

proof of any qualifications whatsoever, more less for importation of firearms or any ban on "belt-fed" machineguns to law enforcement under the authority of Congress' statutes and complex ATF regulations. "General…experience unrelated to [the law at issue] does not render a witness qualified to offer an opinion on complicated [] issues." *Berlyn, Inc. v. Gazette Newspapers, Inc.*, 214 F. Supp. 2d 530, 536 (D. Md. 2002). Furthermore, they are not and have never been involved in this instant case in any way that would qualify them as a fact/expert hybrid witnesses or even just a lay fact witnesses. They were not the investigators in this matter; they never interviewed the Defendant or any witness, nor is it known or disclosed that they participated in the charges against Mr. Krop in any way. Just like the numerous prosecutors removed from this case, now the ATF special agents are being removed and replaced.

If Mr. Funk and Mr. Swift are qualified because of their alleged lack of experience as an ATF agent, which experience they have yet to disclose to Mr. Krop and the undersigned in violation of Mr. Krop's Due Process rights under the Fifth, Sixth and Fourteenth Amendments, then the vast majority of unconnected ATF agents, police officers, sheriff's deputies and Federal Firearms License holders are also qualified as experts since many of them have also been working in the firearms industry for decades and continue to do so full-time – unlike Mr. Funk and Mr. Swift apparently, who are disclosed as "specialists" which upon information and belief is not an advanced position within the ATF, even though Mr. Swift has now advanced to a Branch Chief pay position. "Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co., Ltd.* v. *Carmichael*, 526 U.S. 137, 157 (1999)(quoting

*General Elec. Co.* v. *Joiner*, 522 U.S. 136, 146 (1997).  Expert opinions, including hybrid ones, must have "a traceable, analytical basis in objective fact."  *Bragdon v. Abbott*, 524 U.S. 624, 653 (1998).

Here, neither Mr. Funk nor Mr. Swift has any opinions whatsoever disclosed about this case, more less their own assertions about import law and belt-fed machinegun use by law enforcement.  Their own assertions are unsupported by anything – not even an analysis of any of the materials the prosecution has presented as evidentiary disclosures in this matter.  This is because of two reasons: 1) there is no evidence; and 2) these experts cannot testify truthfully as to that which doesn't exist.

Instead, the prosecution wishes to back-door expert testimony via these "hybrid" fact-expert witnesses in order to do something not permitted at Bar: present something as "expert" testimony which is not, but instead is "merely helpful to the prosecutor as transmutations of simple fact testimony."  *Garcia* at 382.

### 3. Mr. Funk and Mr. Swift May Not Be Permitted to Testify as a Lay Witnesses Because They Have No Personal Knowledge, Information or Facts on the Instant Case Whatsoever.

Without any reference to import law having any bearing on this case, Mr. Funk's testimony is left to his general observations of paperwork transactions apparently within his service desk's purview.  And without a single citation in support either to proof in the law enforcement world, Mr. Swift unilaterally "reviewed" and "approved" the contents of his attestation which is no attestation whatsoever.  For instance, neither specialist is disclosed as a field officer and neither have any connection to this case, nor does either opine that they have any investigatory experience whatsoever.  Their disclosures are

naked and exposed as completely lacking on anything related to fact testimony in this case. Mr. Krop is unable to ascertain any information about Mr. Funk or Mr. Swift because none has been disclosed. However, it is manifestly evident from the investigation file in this case that neither Mr. Funk nor Mr. Swift has been involved.

Consequently, they should not be allowed to testify at all in this matter and should be disqualified from any hybrid or law witness testimony.

**WHEREFORE, THE MATTER CONSIDERED**, Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or elicit in any manner, any expert or hybrid expert-fact testimony or scientific evidence in the presence of the jury from either disclosed "expert" Austin Funk or William Swift until a hearing has been held outside the presence of the jury to determine the admissibility thereof.

### VII.  Interviews, Reports or Statements of State Witnesses

Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, any interview, audio or written report or statement of any State witness, nor to suggest in any manner that such document ought to be offered in evidence by either party, until a hearing has been held outside the presence of the jury to determine the admissibility thereof. For cause, Defendant would show that an offer of such documents by the attorney for the United States would substantially prejudice the rights of the Defendant. Defendant desires to obviate the need to object in the presence of the jury to such offer.

This includes, but is not limited to, the interviews obtained by the prosecution of:

15

Disclosure #4:

a. Interview of R.C.

b. Materials provided on USB by N.A. (ATF Item #000020-ATF See ROI #10)

c. Any and all Interviews of Sheriff Jenkins

d. Disclosure #2: Audio interviews (4) of witnesses including

    i. UC telephone call

    ii. Charles Jenkins

    iii. Isaac Burrall

    iv. Robert Krop

    v. Matthew Jones

    vi. Nicole Arnold

    vii. Havre de Grace Police Department personnel

    viii. Troy Preston

    ix. Raymond Casteline

    x. ATF evidence log

    xi. ATF photo log by SA Petrella

    xii. ATF photos of "seized evidence"

    xiii. ATF photos from SSW

e. E-mails obtained from the Frederick County Sheriff's Office (3)

f. Disclosure #3: telephone interviews with Tom Chase, Kevin Grunwell, John Packard and Sgt. Kretsigner

g. Disclosure #3: FY 2018-Fy2023 Budget Journals

h. Disclosure #3: Main budget documents

      i.    Disclosure #3 Purchase Order Roll Budget.

      j.    ATF Form 2

      k.    ATF Form 3 & Law Letter

      l.    ATF Form 6 & Law Letters

      m.    ATF Form 6A & Law Letters

      n.    All Law Letters, copies and duplicates

      o.    All Sheriff Jenkins e-mail records and analysis

      p.    Disclosure #4: all business records of TMGN

**WHEREFORE, THE MATTER CONSIDERED**, the prosecutor should be instructed to approach the bench outside the presence of the jury to request a hearing on the admissibility of any such document.

### VIII. Law Letters and Recorded Statement of Sheriff Chuck Jenkins

Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, any written report or statement of Sheriff Chuck Jenkins, or the alleged "Law Letters" cited in the indictment or any other such documents, including but not limited to as follows:

August 25, 2015 Law Letter signed by Sheriff Jenkins;

October 8, 2015 Law Letter signed by Sheriff Jenkins;

August 19, 2016 Law Letter signed by Sheriff Jenkins;

April 10, 2018 Law Letter signed by Sheriff Jenkins;

March 29, 2022 Law Letter signed by Sheriff Jenkins.

And any drafts, copies, duplicates, or other versions that may exist thereof must also be excluded.

The Court is requested to also instruct the Assistant U.S. Attorneys they may not use nor to suggest in any manner that such document ought to be offered in evidence by either party, until a hearing has been held outside the presence of the jury to determine the admissibility thereof.

The documents are in violation of the Rules of Evidence, hearsay, may not be authenticated in any way, and have no way of being admitted under any exception. In addition, they are highly prejudicial, and not in any way authored by or adopted by Mr. Krop. Their use, reference, admission or other discovery to the jury will outrageously prejudice Mr. Krop and violate the Rules of Evidence.

For cause, Defendant would show that an offer of such documents by the attorney for the United States would substantially prejudice the rights of the Defendant. Defendant desires to obviate the need to object in the presence of the jury to such offer and requests this Court order that all such "law letters" and their copies, or any references or discussion of the same, be excluded from the jury.

### IX.  E-Mails of COO TMGN and Sheriff Jenkins Excluded

Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, any written report or statement of Sheriff Chuck Jenkins, or the alleged "Law Letters" cited in the indictment or any other such documents, including but not limited to as follows:

May 5, 2022 e-mail from COO at TMGN to Sheriff Jenkins;

May 10, 2022 e-mail from Sheriff Jenkins to COO at TMGN;

May 10, 2022 e-mail from COO at TMGN to Sheriff Jenkins.

And any additional e-mails identified or to be produced by the government which in any way reference discussions involving Mrs. Stephanie Krop, Mr. Krop's wife, and/or in any way involve friendly discussions regarding politics, good policing, opportunities for meeting, first amendment protected support for elections, thanks for service or similar references.

The documents are in violation of the Rules of Evidence, hearsay, may not be authenticated in any way, and have no way of being admitted under any exception. In addition, they are highly prejudicial, and not in any way authored by or adopted by Mr. Krop. Their use, reference, admission or other discovery to the jury will outrageously prejudice Mr. Krop and violate the Rules of Evidence.

For cause, Defendant would show that an offer of such documents by the attorney for the United States would substantially prejudice the rights of the Defendant. Defendant desires to obviate the need to object in the presence of the jury to such offer and requests this Court order that all such e-mails and their copies, or any references or discussion of the same, be excluded from the jury.

## X.  Grand Jury Testimony to Be Excluded

Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, any testimony, or transcript thereof, from any Grand Jury indictments in

this matter (April 5, 2023, May 29, 2024).  The Grand Jury matters are subject of another motion to be filed, which will review the pre-trial Rule 12 lack of jurisdiction and defect in the indictment, the subsequent revised indictment, and then the so-called re-indictment.

### XI.  No Statements or Testimony of Wife Stephanie Krop Allowed

Defendant respectfully requests that the Court order the Assistant United States' Attorneys not to mention, refer to, or attempt to elicit in any manner or otherwise use before the jury, any testimony, written report or statement of Mr. Krop's wife, Stephanie Krop, as such is protected by the spousal marital privilege.  Mr. and Mrs. Krop are married and were married at the time of all events alleged in the indictment.

Respectfully submitted,

Robert Justin Krop

By: _____/s/_____
Daniel L. Cox, Md Fed Bar 28245
The Cox Law Center, LLC
P.O. Box 545
Emmitsburg, MD 21727
Tel: 410-254-7000
Fx: 410-254-7220
E-mail: dcox@coxlawcenter.com
Attorneys for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August, 2024, a copy of the foregoing Motion in Limine was served upon the United States via the ECF system.

/s/_____
Daniel L. Cox